UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

SHANE McNERNEY, on behalf of himself
and all other employees similarly situated,

                      Plaintiff,              1:15-CV-1260
                                                     (GTS/DJS)
v.

A.M.T. GRP., INC.,

                      Defendant.
_____

APPEARANCES:                                    OF COUNSEL:

THOMAS AND SOLOMON LLP             J. NELSON THOMAS, ESQ.
  Counsel for Plaintiff                        MICHAEL J. LINGLE, ESQ.
693 East Avenue                                SARAH E. CRESSMAN, ESQ.
Rochester, New York 14607               JARED K. COOK, ESQ.
                                                        JESSICA L. LUKASIEWICZ, ESQ.

BOND SCHOENECK & KING, PLLC      KATHERINE S. McCLUNG, ESQ.
  Counsel for Defendant                    LOUIS ORBACH, ESQ.
350 Linden Oaks, Suite 310
Rochester, New York 14625

GLENN T. SUDDABY, Chief United States District Judge

## DECISION and ORDER

      Currently before the Court, in this collective wage-and-hour action filed by Plaintiff Shane McNerney ("Plaintiff") on behalf of himself and all other employees similarly situated against Defendant, A.M.T. Group, Inc. ("Defendant") under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*, is Defendant's motion to dismiss Plaintiff's Complaint for lack of subject-matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) on the ground of mootness. (Dkt. No. 18.) For the reasons set forth below, Defendant's motion is granted in part and denied in part without prejudice.

## I.     RELEVANT BACKGROUND

### A.     Plaintiff's Complaint

Generally, Plaintiff's Complaint alleges as follows. (Dkt. No. 1 [Plf.'s Compl.].) Plaintiff worked for Defendant at Blu Stone Bistro in Albany, New York, as "a banquet server, busser, expediter/runner and restaurant server from approximately 2009/2010 until October 2014." (*Id.* at ¶ 7.) As a matter of practice, Defendant paid Plaintiff (as well as other similarly situated employees) subminimum wages, even though he was not a tipped employee as defined under federal law. (*Id.* at ¶ 18.) Moreover, Defendant also (1) retained "a portion of [a] mandatory charge for service that was added to customer bills at all of" its banquet events, without ensuring that a reasonable customer would understand that the charge did not constitute a gratuity (*id.* at ¶¶ 30-36), and (2) paid Plaintiff and similarly situated employees at a rate below the minimum wage, purportedly pursuant to federal "tip credit" provisions, even though they frequently performed work not eligible for payment at the tip credit rate at which they were paid (*id.* at ¶¶ 48-68).

Based upon the foregoing, Plaintiff asserts five claims on behalf of himself and all other employees similarly situated (or "a collective class") for violations of the Fair Labor Standards Act ("FLSA"), and on behalf of himself and a putative class for violations of the New York Labor Law ("Labor Law"): (1) a claim that Defendant "unlawfully paid banquet service and restaurant service employees subminimum wage[s]" in willful violation of section 216(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b) (*id.* at ¶¶ 124-28); (2) a claim that Defendant improperly withheld and retained gratuities, charged to customers as mandatory service charges, in willful violation of Labor Law § 196-d (*id.* at ¶¶ 129-133); (3) a claim that

Defendant failed to pay Plaintiff (as well as members of certain subclasses defined in Plaintiff's Complaint) earned minimum wages, in violation of the New York Minimum Wage Act, Labor Law §§ 650 *et seq.*, failed to "provide written notice of the tip credit or allowance," and failed to provide Plaintiff with wage statements that complied with "the requirements of" the Labor Law (*id*. at ¶¶ 134-39); (4) a claim that Defendant failed to pay Plaintiff (as well as members a subclass defined in Plaintiff's Complaint) spread-of-hours wages of an additional hour of pay at the minimum wage for each day that Plaintiff had a spread of hours in excess of ten hours, in willful violation of the Labor Law and 12 N.Y.C.R.R. § 137-1.7, 137-2.6, 142-2.4, and 146-1.6 (*id.* at ¶¶ 140-42); and (5) a claim that Defendant failed to provide Plaintiff (as well as members of a subclass defined in Plaintiff's Complaint) with written notice of the employee's rate of pay and allowances paid, in violation of Labor Law § 195(1)(a) (*id.* at ¶¶ 143-48).

Familiarity with the factual allegations supporting the claims in Plaintiff's Complaint is assumed in this Decision and Order, which is intended primarily for the review of the parties.

**B.    Defendant's Tender of Payment to Plaintiff[1]**

On February 3, 2016, Defendant issued two checks to Plaintiff, each for $450.00, one representing payment of wages earned during the period relevant to Plaintiff's claims, and the other representing non-wages (i.e., liquidated damages to which Plaintiff may be entitled under the FLSA). (Dkt. No. 18, Attach. 2, at ¶ 8 [McClung Decl.].) Defense counsel sent those checks by hand delivery to Plaintiff's counsel, along with a cover letter,[2] an "explanatory declaration

---

[1]    This background information is drawn from Defendant's submissions in support of its motion to dismiss Plaintiff's Complaint.

[2]    In her cover letter to Plaintiff's counsel, defense counsel explained that, although Defendant "vigorously denies liability on any of Plaintiff's claims," Defendant was tendering

3

from" Defendant's bookkeeper, Gail Skeates, and "the Payroll Register for Plaintiff for the period from October 2012 to the present."  (*Id.* at ¶ 9; *accord, id.* at 36-56 ["Exhibit 3"].)

### C. Parties' Briefing on Defendant's Motion to Dismiss

#### 1. Defendant's Memorandum of Law

Generally, in support of its motion to dismiss, Defendant advances the following five arguments: (1) Plaintiff's FLSA claim was rendered moot by Defendant's tender of complete payment of the full amount to which Plaintiff could possibly be entitled as damages, specifically, (a) $450, representing payment for his allegedly deficient hourly wages from October 21, 2012,[3] until the end of his employment with Defendant (in October of 2014), and (b) $450, representing liquidated damages pursuant to 29 U.S.C. § 216[a]) (Dkt. No. 18, Attach. 1, at 3-9 [Def.'s Memo. of Law]); (2) Plaintiff's request for injunctive relief in connection with his FLSA claim must be denied because the right to seek such relief rests exclusively with the United States Secretary of Labor (*id.* at 5); (3) Plaintiff's request for prejudgment interest with respect to his FLSA claim must be denied because such relief may not be awarded in addition to liquidated damages for violations of the FLSA (*id.* at 5-6); (4) the fact that Plaintiff's Complaint contains collective-

---

payment "in an amount that renders his FLSA claim moot" in order to avoid the costs of litigating that "small FLSA claim[.]"  (Dkt. No. 18, Attach. 2, at 36 [Def. Counsel's Letter to Plf.'s Counsel, dated Feb. 5, 2016].)  Defense counsel reiterated that the checks were "not . . . an offer of settlement, an offer of judgment, or an admission of liability," but were "more than sufficient to reimburse Plaintiff for any tip credit that was taken during the maximum three-year FLSA limitations period, plus an equal amount for his alleged FLSA liquidated damages." (*Id.* at 36.)

[3]  Defendant argues that Plaintiff could not have recovered for any allegedly deficient wages prior to October 21, 2012, because he filed his Complaint on October 21, 2015, and the statute of limitations applicable to a FLSA claim is, at most, three years.  (Dkt. No. 18, Attach. 1, at 4 & n.2.)

action allegations does not alter the applicability of the mootness doctrine, because Plaintiff's individual claim has been satisfied (*id.* at 9); and (5) the Court should decline to exercise supplemental jurisdiction over Plaintiff's state law claims (*id.* at 10).

Defendant has also filed, *inter alia*, Skeates' declaration.  (Dkt. No. 18, Attach. 3 [Skeates Decl.].)  Attached as an exhibit to Skeates' declaration is Defendant's "payroll register" for Plaintiff, which "reflects all of [Plaintiff's] paychecks for the period from October 2012 to the present," including hourly wages and service charges paid to Plaintiff.  (*Id.* at ¶¶ 2-4; *accord, id.* at 3-16 ["Exhibit A," payroll register].)

### 2. Plaintiff's Opposition Memorandum of Law

Generally, in opposition to Defendant's motion, Plaintiff advances the following three arguments: (1) Defendant's so-called "tender of payment" is, for practical purposes, an offer of settlement (Dkt. No. 26 at 3-4 [Plf.'s Opp'n Memo. of Law]); (2) Plaintiff's FLSA claim is not moot because (a) Plaintiff has not accepted Defendant's offer, and "an unaccepted offer of judgment or settlement . . . cannot serve as the basis for a mootness argument," (b) Defendant's offer does not afford all the relief that Plaintiff seeks, namely, (i) an entry of judgment in his favor, and (ii) all unpaid wages and liquidated damages, including compensation for work performed before November 2013,[4] and (iii) attorney's fees, and (c) Defendant's claim for a set-off is disputed (*id.* at 3-15); (2) Defendant's "refusal to produce discovery, even though it is past

---

[4] More specifically, Plaintiff argues that the payroll register filed with Skeates' declaration "does not demonstrate [P]laintiff's dates of employment" and therefore does not support the conclusion that the first time Plaintiff worked after October 21, 2012, was in November 2013.  (Dkt. No. 26 at 11; *see also* Dkt. No. 18, Attach. 1, at 4 n.3 [Def.'s Memo. of Law, arguing that Plaintiff's payroll register "demonstrate[s that] . . . the first pay period that (Plaintiff) worked after October 21, 2012 was in November 2013"].)

due," has frustrated Plaintiff's ability to confirm the precise dates of his employment and thus his ability to quantify his damages[5] (*id.* at 11-12); and (3) because Plaintiff's FLSA claim is not moot, his state law claims should not be dismissed (*id.* at 15-16).

### 3. Defendant's Reply Memorandum of Law

Generally, in its reply, Defendant reiterates the arguments set forth in its memorandum of law and further argues as follows: (1) Defendant's payment to Plaintiff was not an offer of settlement because the payment was actually tendered to Plaintiff and "not conditioned on receiving anything in return" (Dkt. No. 31 at 2-6 [Def.'s Reply Memo. of Law]); (2) a judgment entered in Plaintiff's favor is not a prerequisite to mootness because Defendant has not merely offered to settle, but has actually paid Plaintiff (*id.* at 6-7); (3) a judgment is not necessary in this case because (a) Plaintiff could not execute on a judgment, in that he has already received payment in compensation for his asserted claim, and (b) a judgment would be "purely symbolic and would violate Article III's 'case or controversy' requirement" (*id.* at 7-8); (4) Defendant's

---

[5] In light of its motion to dismiss, Defendant filed a letter request that United States Magistrate Judge Daniel J. Stewart stay discovery–a request to which Plaintiff did not consent. (Dkt. No. 23 [Def.'s Letter Request]; Dkt. No. 24 [Plf.'s Resp.].) In his response, Plaintiff asserted (among other things) that he did not concede that Defendant's payment actually afforded complete relief, because he had not "received [Defendant's] discovery responses" and therefore was "unable to confirm" Defendant's calculations of the wages and liquidated damages to which he might be entitled. (Dkt. No. 24 at 2 n.1.) Magistrate Judge Stewart denied Defendant's request to stay discovery. (Text Order, 4/15/2016.) In a status report filed on August 31, 2016, the parties advised Magistrate Judge Stewart that, pursuant to the Court's Mandatory Mediation Program, a mediation session has been scheduled for September 29, 2016, and that the parties are "in the process of reviewing and producing documents." (Dkt. No. 40 [Status Report].) On September 1, 2016, Plaintiff filed a letter request (to which Defendant consented) to extend the deadline for Plaintiff to identify expert witnesses and serve expert reports. (Dkt. No. 41.) In his letter, Plaintiff noted that the parties were "exchanging some documents" in anticipation of mediation, but that they had "agreed to hold off on full discovery until mediation efforts have been exhausted." (*Id.*) The extent of the parties' exchange of discovery, as is relevant to the present motion, is thus somewhat unclear.

payment to Plaintiff covered the entire period during which he worked within the most generous statute of limitations period applicable to FLSA claims (i.e., three years), and he has not asserted or argued that the payroll register filed by Defendant is inaccurate or incomplete (*id.* at 9-11); (5) Defendant was entitled to use its alleged banquet service charge–which constituted a "service charge" under FLSA regulations–to satisfy its minimum wage obligations to Plaintiff under the FLSA (*id.* at 11-12); (6) even if Defendant was not entitled to use its alleged banquet service charge to satisfy its minimum wage obligations to Plaintiff, Defendant has provided two additional checks to Plaintiff (covering those amounts and additional liquidated damages) which, when combined with its earlier checks, afford Plaintiff complete relief on his FLSA claim[6] (*id.* at 13); (7) Plaintiff cannot recover prejudgment interest under the FLSA as a matter of law because he has received liquidated damages (*id.* at 13-14); and (8) Plaintiff's demand for attorney's fees

---

[6] In a reply declaration, defense counsel asserts, in part, as follows. On April 11, 2016, she received two checks from Defendant to Plaintiff, one for $775.00 in wages and the other for $775.00 in non-wages. (Dkt. No. 31, Attach. 1, at ¶ 9 [McClung Reply Decl.]; *accord*, Dkt. No. 31, Attach. 2, at 22-23 ["Exhibit C," copies of checks].) In total, Defendant has provided checks to Plaintiff in the amount of $1,225.00 in wages and $1,225 in non-wages (that is, in liquidated damages), in satisfaction of Plaintiff's FLSA claim. (Dkt. No. 31, Attach. 1, at ¶ 11.) These amounts were apparently based upon "a revised chart" that McClung created–based on Skeates' declaration and payroll register regarding Plaintiff's hours worked and wages–to determine Plaintiff's "maximum back pay damages on his [FLSA] claim, without giving [Defendant] any credit for service charges received by Plaintiff[.]" (Dkt. No. 31, Attach. 1, at ¶ 4; *accord*, Dkt. No. 31, Attach. 2, at 20 ["Exhibit B"].) More specifically, McClung (a) calculated Plaintiff's weekly pay rate by dividing his hourly wages by the total hours he worked, (b) calculated the difference between the FLSA minimum wage ($7.25 per hour) and Plaintiff's weekly pay rate, and (c) for any work week in which Plaintiff's pay rate was less than the FLSA minimum wage, multiplied the difference calculated in step (b) by the total hours that Plaintiff worked during that week. (*Id.* at ¶ 6[a]-[c].) McClung asserts that the total result of that calculation–and Plaintiff's maximum back pay damages on his FLSA claim–is $1,219.34. (*Id.* at ¶ 7.) As a result, Defendant's payment of $1,225.00 in back wages and an additional in $1,225.00 in liquidated damages exceeds the maximum amount to which Plaintiff is entitled on this claim. (*Id.* at ¶ 11.)

does not preclude dismissal of his FLSA claim on mootness grounds because (a) a party's interest in attorney's fees does not create a case or controversy where none exists on the underlying claim, and (b) Plaintiff may make a motion for attorney's fees pursuant to Fed. R. Civ. P. ("Rule") 54(d) after entry of judgment (*id.* at 14-15).

## II.    RELEVANT LEGAL STANDARD

"It is a fundamental precept that federal courts are courts of limited jurisdiction." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978).  Generally, a claim may be properly dismissed for lack of subject-matter jurisdiction where a district court lacks constitutional or statutory power to adjudicate it.  *Makarova v. U.S.*, 201 F.3d 110, 113 (2d Cir. 2000).  "Article III of the Constitution limits federal courts' authority–that is, our subject matter jurisdiction–to disputes involving 'live cases and controversies.'"  *Cty. of Suffolk, N.Y. v. Sebelius*, 605 F.3d 135, 140 (2d Cir. 2010) (quoting *United States v. Quattrone*, 402 F.3d 304, 308 [2d Cir. 2005]). Mootness "concerns when and whether a case is 'live.'"  *Cty. of Suffolk, N.Y.*, 605 F.3d at 140. "[U]nder the 'general rule' of mootness, courts' subject matter jurisdiction ceases when 'an event occurs during the course of the proceedings or on appeal that makes it impossible for the court to grant any effectual relief whatever to a prevailing party.'" *Id.* (quoting *Quattrone*, 402 F.3d at 308) (citations and internal quotation marks omitted).

A district court may look to evidence outside of the pleadings when resolving a motion to dismiss for lack of subject-matter jurisdiction.  *Makarova*, 201 F.3d at 113.  The plaintiff bears the burden of proving subject-matter jurisdiction by a preponderance of the evidence. *Makarova*, 201 F.3d at 113 (citing *Malik v. Meissner*, 82 F.3d 560, 562 [2d Cir. 1996]).  When a court evaluates a motion to dismiss for lack of subject-matter jurisdiction, all ambiguities must

be resolved and inferences drawn in favor of the plaintiff.  *Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005) (citing *Makarova*, 201 F.3d at 113).

### III. ANALYSIS

#### A. Whether Plaintiff's FLSA Claim Should Be Dismissed on the Ground of Mootness

After carefully considering the matter, the Court answers this question in the negative for the second reason stated in Plaintiff's opposition memorandum of law: based on Defendant's own evidence, Defendant's two checks do not compensate Plaintiff for work performed before November 2013.  (Dkt. No. 26 at 3-15 [Plf.'s Opp'n Memo. of Law].)  To those reasons, the Court adds the following two points, which are intended to supplement, and not supplant, those reasons.

First, the Court does not construe Defendant's tender as a Rule 68 offer of judgment. Rather, the Court construes Defendant's tender as what it purports to be: one of complete relief, in order to moot Plaintiff's FLSA claim.

Second, while courts appear to disagree on the issue, the Court is inclined to find that, where an FLSA plaintiff is tendered full relief in the form of a check, he cannot avoid mootness by refusing to cash that check.  *See Hernandez v. PeopleScout, Inc.*, 12-CV-1228, 2012 WL 3069495, at *3 (N.D. Ill. July 24, 2012) ("Plaintiff's arguments that he could not turn down the tender [submitted not pursuant to Rule 68 but in order to moot an FLSA claim] have no bearing, because when a plaintiff is tendered full relief, he cannot avoid mootness by refusing the tender.").[7]

---

[7]     *But see O'Neal v. America's Best Tire LLC*, 16-CV-0056, 2016 WL 3087296, at *2-3 (D. Ariz. June 2, 2016) (rejecting defendants' argument that tender of checks for unpaid

9

However, the Court need not decide this issue, because an alternative ground exists on which to base a denial of Defendant's motion: based on the current record, the Court cannot conclude that Plaintiff has been afforded full relief. *See Humphrey v. Ray Investigative & Sec. Servs. Ltd.*, 12-CV-3581, 2016 WL 1049017, at *11 (S.D.N.Y. March 11, 2016) (finding that employer's tender of replacement checks did not render employee's FLSA minimum wage claim moot, because such tender would not have provided employee with complete relief); *Seever v. Carrols Corp.*, 528 F. Supp.2d 159, 172-73 (W.D.N.Y. 2007) (denying defendant's motion to dismiss plaintiffs' FLSA claims for lack of subject-matter jurisdiction based on its tendering of uncashed checks to plaintiffs, because the sufficiency of those checks is disputed). More specifically, Plaintiff's Complaint alleges that he was employed from approximately 2009/2010 to October 2014. (Dkt. No. 1, ¶ 7.) Granted, Defendant's bookkeeper states that the payroll register adduced by her reflects all of Plaintiff's paychecks for the period from October 2012 to the present. (Dkt. No. 18, Attach. 3, at ¶ 2.) However, the payroll register is dated only November 11, 2013, through December 17, 2014; it does not address any work by Plaintiff between October 21, 2012, and November 10, 2013 (or establish that he did not work during that time). (Dkt. No. 18, Attach. 3, at 3-16.)

---

compensation and liquidated damages in FLSA putative collective action rendered the case moot because "[p]laintiffs have not accepted the checks tendered by [d]efendants") and *Martelack v. Toys R US*, 13-CV-7098, 2016 WL 762656, at *3 (D. N.J. Feb. 25, 2016) (concluding that defendant's tender of an uncashed check in an attempted satisfaction of plaintiff's FLSA claim "do not moot [p]laintiff's claims for unpaid wages") *and Lee v. Golden Fortune Int'l, Inc.*, 08-CV-1394, 2009 WL 36452, at *4 (M.D. Fla. Jan. 6, 2009) (denying defendant's motion for summary judgment on plaintiffs' FLSA claims based on its tendering of checks to plaintiffs, because a genuine dispute of material fact existed as to whether the uncashed checks were, in fact, accepted by plaintiffs).

Because this constitutes an adequate ground on which to base a denial of Defendant's motion, the Court does not reach the issues of a set-off, liquidated damages and prejudgment interest, which it finds also to be close ones.

Accordingly, to the extent that it is based on mootness, Defendant's motion to dismiss Plaintiff's FLSA claim is denied without prejudice.

### B.     Whether Plaintiff's Claim for Injunctive Relief Pursuant to the FLSA Should Be Dismissed

As noted above, Defendant argues that Plaintiff's request for injunctive relief under the FLSA must be denied because the right to seek such relief rests exclusively with the United States Secretary of Labor.  (Dkt. No. 18, Attach. 1, at 5 [Def.'s Memo. of Law].)  After carefully considering the matter, the Court accepts Defendant's argument and concludes that Plaintiff may not obtain injunctive relief in connection with his FLSA claim.  *See Ruggles v. Wellpoint, Inc.*, 253 F.R.D. 61, 68 (N.D.N.Y. 2008) (Kahn, J.) (concluding that, under 29 U.S.C. §§ 216[b] and 217, "[a]n injunction is not an available remedy in an action brought by employees under the FLSA for failure to pay minimum wages or overtime compensation").

The Court would add only that Plaintiff failed to oppose Defendant's argument in his opposition memorandum of law.  In this District, where a non-movant has willfully failed to respond to a movant's properly filed and facially meritorious memorandum of law, the non-movant is deemed to have "consented" to the legal arguments contained in that memorandum of law under Local Rule 7.1(b)(3) of this Court's Local Rules of Practice.[8]  Stated

---

[8]     *See, e.g., Beers v. GMC*, 97-CV-0482, 1999 U.S. Dist. LEXIS 12285, at *27-31 (N.D.N.Y. March 17, 1999) (McCurn, J.) (deeming plaintiff's failure, in his opposition papers, to oppose several arguments by defendants in their motion for summary judgment as consent by plaintiff to the granting of summary judgment for defendants with regard to the claims that the

otherwise, when a non-movant fails to oppose a legal argument asserted by a movant, the movant may succeed on the argument by showing that the argument possesses facial merit, which has appropriately been characterized as a "modest" burden.[9]  Defendant has met that burden here.

Accordingly, to the extent that Plaintiff seeks injunctive relief in connection with his FLSA claim, that request is denied and dismissed.

### C.    Whether Plaintiff's State Law Claims Should Be Dismissed

After carefully considering the matter, the Court answers this question in the negative. As discussed above in Part III.A of this Decision and Order, the Court concludes that Plaintiff's FLSA claim is not moot.  As a result, the Court has no occasion to determine whether it should decline to exercise supplemental jurisdiction over Plaintiff's state law claims, and Defendant advances no other basis for dismissal of these claims.

**ACCORDINGLY**, it is

**ORDERED** that Defendant's motion to dismiss Plaintiff's Complaint for lack of subject matter jurisdiction (Dkt. No. 18) is **GRANTED in part and DENIED in part without prejudice** in accordance with Part III of this Decision and Order: Plaintiff's request for injunctive relief is **DISMISSED** and the remainder of his Complaint remains pending.

Dated: September 20, 2016
       Syracuse, New York

       Hon. Glenn T. Suddaby
       Chief U.S. District Judge

---

arguments regarded, under Local Rule 7.1[b][3]; *Devito v. Smithkline Beecham Corp.*, 02-CV-0745, 2004 WL 3691343, at *3 (N.D.N.Y. Nov. 29, 2004) (McCurn, J.) (deeming plaintiff's failure to respond to "aspect" of defendant's motion to exclude expert testimony as "a concession by plaintiff that the court should exclude [the expert's] testimony" on that ground).

   [9]     *Rusyniak v. Gensini*, 07-CV-0279, 2009 WL 3672105, at *1, n.1 (N.D.N.Y. Oct. 30, 2009) (Suddaby, J.) (collecting cases); *Este-Green v. Astrue*, 09-CV-0722, 2009 WL2473509, at *2 & n.3 (N.D.N.Y. Aug. 7, 2009) (Suddaby, J.) (collecting cases).